UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN A. MORENO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-70 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se* and *in forma pauperis*, Petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 12, 2014.  Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment.  Respondent filed a motion to dismiss on January 30, 2015 (D.E. 7).  Petitioner filed a motion for mistrial with brief in support (D.E. 14) which is construed as a response to the motion to dismiss.[1]  As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be denied.  It is further recommended that a Certificate of Appealability be denied.

---

[1] The Clerk shall terminate the pleading (D.E. 14) insofar as it is docketed as a motion.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner in incarcerated in the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving four concurrent life sentences for trafficking in persons (repeat offender), aggravated sexual assault of a child, aggravated kidnapping (repeat offender), and compelling prostitution (repeat offender) (Petition, D.E. 1 at 2; Commitment Inquiry, Att. to Mot. to Dism., D.E. 7-2 at 2). He does not complain about his holding convictions, but challenges the results of a disciplinary hearing. In disciplinary case number 20140373993, Petitioner was accused and found guilty of engaging in a fight without a weapon with another offender by kicking the other offender in the lower body and punching him in the face (DHR at 1; D.E. 8-2 at 3).[2]

In the offense report, the charging officer wrote that the fight occurred on August 17, 2014 as the offenders were returning from the dining hall. Petitioner and the other offender were described as "mutual combatants" who struck each other with closed fists and kicked each other (DHR at 2; D.E. 8-2 at 4). During the investigation of the offense Petitioner stated that the other offender had started the fight (DHR at 3; D.E. 8-2 at 5). At the hearing, Petitioner submitted the written statement asserting that video of the incident would show that he was assaulted by the other inmate and did not punch or kick

---

[2] "DHR" refers to the disciplinary hearing record in this case, located at D.E. 8-2.
"DGR" refers to the disciplinary grievance record, located at D.E. 8-1.

him (DHR at 5, 10; D.E. 8-2 at 7, 11).  The charging officer testified via telephone that Petitioner and the other inmate were walking together and talking to each other and then started fighting.  The hearing officer reviewed a time-lapse video of the incident (DHR at 10; D.E. 8-2 at 11).

Petitioner was found guilty based on the charging officer's statement and his testimony, as well as the time-lapse video.  His punishment was assessed at forty-five days recreation, commissary and telephone restriction and a reduction in line class from S3 to S4 (DHR at 1; D.E. 8-2 at 3).  Petitioner did not lose any good time credits.  Petitioner timely appealed the findings of the hearing officer through the prison grievance procedure but was denied relief (DGR at 1-4; D.E. 8-1 at 3-6).

In this application for habeas relief, Petitioner argues that the time-lapse video clearly shows that he did not punch or kick the other inmate.  He also argues that he is developmentally disabled and mentally retarded and that TDCJ-CID did not follow procedures for disciplinary hearings involving mentally retarded inmates (D.E. 1-1 at 6). Petitioner further asserts that the hearing lasted approximately three minutes and he was not given adequate time to defend himself.

In his motion to dismiss, Respondent contends that because Petitioner is not eligible for release to mandatory supervision and also because he did not lose good time credits, he cannot make out a claim that his constitutional rights were violated.  In his

response to the motion to dismiss, Petitioner reiterated the arguments he made in his petition.[3]

## **APPLICABLE LAW**

**A. Due Process Rights**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id*.

---

[3] Petitioner also included a number of arguments which appear unrelated to his disciplinary case and they were not considered.

Thus, to the extent Petitioner is claiming that his constitutional rights were violated by the revocation of privileges, he fails to state a claim because the revocation did not represent an atypical, significant deprivation in which the State of Texas might have created a liberty interest.

Petitioner also was punished with a reduction in line class. Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a cause of action based on the reduction in line class. Accordingly, summary judgment should be entered for Respondent because Petitioner has failed to show that his constitutional rights were violated during the disciplinary hearing process.

## B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be dismissed on the merits. If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner did not suffer the loss of a liberty interest following his disciplinary hearing.

## RECOMMENDATION

Based on the foregoing, it is recommended that Respondent's motion to dismiss (D.E. 7) be GRANTED. Petitioner's cause of action for habeas corpus relief should be DENIED. It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 22nd day of April, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).